**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAIME GONZALEZ, et al.,            )<br>                                                        )<br>                        Plaintiffs,      )<br>                                                        )   Civil Action No. 13-cv-1378<br>            v.                                         )<br>                                                        )<br>OWENS CORNING and OWENS      )<br>    CORNING SALES, LLC,             )<br>                        Defendants.   ) | |

_____

| | |
|---|---|
| GERALD BOEHM, et al.,                )<br>                                                        )<br>                        Plaintiffs,      )<br>                                                        )   Civil Action No. 13-cv-0936<br>            v.                                         )<br>                                                        )<br>OWENS CORNING and OWENS      )<br>    CORNING SALES, LLC,             )<br>                        Defendants.   ) | |

_____

| | |
|---|---|
| PATRICIA WRIGHT, et al.,           )<br>                                                        )<br>                        Plaintiffs,      )<br>                                                        )   Civil Action No. 09-1567<br>            v.                                         )<br>                                                        )<br>OWENS CORNING and OWENS      )<br>    CORNING SALES, LLC,             )<br>                        Defendants.   ) | |

**MEMORANDUM OPINION**

CONTI, Chief District Judge

   These are purported class actions seeking to recover damages caused by defective roofing shingles sold by Owens Corning and Owens Corning Sales, LLC (collectively "Owens Corning"). Pending before the court is a motion to consolidate Boehm, et al. v. Owens Corning, et al. with Wright, et al. v. Owens Corning, et al., a case that is currently pending before this

court at 09-1567. (13-936, ECF No. 42.)  Boehm was recently transferred to this court from the United States District Court for the Central District of California. (Id., ECF No. 35.)  Owens Corning filed a brief in support of its motion to consolidate (ECF No. 43) and Boehm filed a brief in opposition. (ECF No. 47.)  The court held a hearing on the motion on September 23, 2013.  For the reasons set forth below, Boehm and Wright will be consolidated with Gonzalez, et al. v. Owens Corning, et al., 13-1378, which is another companion case that was recently transferred to this court from the United States District Court for the Southern District of Texas.

I. FACTUAL BACKGROUND

On November 11, 2009, Patricia Wright and Kevin West (collectively "Wright") filed a putative class action complaint on behalf of themselves and a nationwide class of individuals who own structures on which Owens Corning Oakridge roofing shingles have been installed. (09-1567, ECF Nos. 1 and 119.)  According to Wright, Owens Corning's Oakridge shingles are defective, and result in damage to the structures on which they are installed.  (Id.) The Wright case is currently in discovery related to class certification.

On February 28, 2013, the same attorneys representing Wright before this court filed a putative class action complaint in the United States District Court for the Central District of California on behalf of Gerald Boehm and a nationwide class of individuals who own structures on which Owens Corning Oakridge roofing shingles have been installed. (Boehm, et al. v. Owens Corning, et al., No. 13-0355 (C.D. Cal.), ECF No. 1.)  Alternatively, Boehm sought to represent a smaller class of individuals who own structures located in California.  (Id.)  On April 16, 2013, Boehm filed an amended complaint in which he abandoned his pursuit of a nationwide class and asked the California court to certify only a class of California owners. (Id., ECF No. 13.)

Similarly, the same attorneys representing Wright before this court and Boehm before the California court filed a putative class action complaint in the United States District Court for the Southern District of Texas on behalf of Jaime Gonzalez and a nationwide class of individuals who own structures on which Owens Corning Oakridge roofing shingles have been installed. (Gonzalez et al. v. Owens Corning, et al., No. 13-0032 (S.D. Tx.), ECF No. 1.) Alternatively, Gonzalez sought to represent a smaller class of individuals who own structures located in Texas. (Id.) On April 5, 2013, Gonzalez filed an amended complaint in which he abandoned his pursuit of a nationwide class and asked the Texas court to certify only a class of Texas owners. (Id., ECF No. 23.)

Around the same time that counsel for Gonzalez and Boehm was seeking to limit the class allegations in the California and Texas courts to owners of California and Texas structures only, Wright filed a motion in this court that effectively sought to excise putative class members located in California and Texas from the nationwide class previously proposed. (09-1567, ECF No. 150.) This court denied that motion, finding that it would result in judicial inefficiencies and prejudice Owens Corning to have "to defend the same kinds of claims on three different fronts." (13-0936, ECF No. 42, Ex. A at 7, 12.) Thereafter, both the California and Texas district courts transferred the actions pending against Owens Corning to this court.

In doing so, Judge Selna, of the United States District Court for the Central District of California, noted that "…the class action definition in Wright [nationwide class] necessarily incorporates the class in Boehm [California class]… and the issues are substantially similar and arise from the same alleged actions by [Owens Corning]." (Id., ECF No. 35 at 1.) Judge Kazen relied on analogous reasoning in transferring Gonzalez from the Southern District of Texas to this court. Specifically, Judge Kazen found "substantial overlap" between the "core

issues", evidence, legal claims and parties in Gonzalez and Wright. (13-1378, ECF No. 42 at 7-9.)

After Judge Selna transferred Boehm to this court, Owens Corning filed the instant motion to consolidate Boehm with Wright. (13-0936, ECF No. 42.) Although Gonzalez had not yet been transferred to this court, Owens Corning asked that in the event it was later transferred, this court also consolidate Gonzalez for the same reasons. (Id., ECF No. 43 at 2 n.1.) While the instant motion was pending in Boehm, the United States District Court for the Southern District of Texas transferred Gonzalez to this court. At the September 23rd hearing, counsel for Boehm, who is the same attorney representing Gonzalez, stated that he would raise the same substantive objections to consolidating Gonzalez with the cases already pending in this court. Because those issues had been fully briefed, and because no party objected, the court proceeded to consider whether Gonzalez, Boehm and Wright should all be consolidated.

II. LEGAL AUTHORITY

Federal Rule of Civil Procedure 42(a) provides that a court may consolidate separate actions that are pending before the court if the actions "involve a common question of law or fact." FED. R. CIV. P. 42(a). "The moving party bears the burden of proof on a motion for consolidation." Farahmand v. Rumsfeld, No. 02-1236, 2002 WL 31630709, at *1 (E.D. Pa. Nov. 20, 2002). "The purpose of consolidation is 'to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues.'" In re TMI Litig., 193 F.3d 613, 724 (3d Cir. 1999) (quoting In re Prudential Securities, Inc. Ltd. Partnerships Litig., 158 F.R.D. 562, 571 (S.D.N.Y. 1994)).

A district court has broad discretion to determine whether consolidation would facilitate the administration of justice. In re Mock, 398 F. App'x 716, 718 (3d Cir. 2010). "When exercising this discretion, a court should weigh the benefits of judicial economy 'against the potential for new delays, expense, confusion or prejudice.'" Farahmand, 2002 WL 31630709, at *1 (quoting Easton & Co. v. Mut. Benefit Life Insur. Co., No. 91-4012, 1992 WL 778794, at *4 (D.N.J. Nov. 4, 1992)).

III. DISCUSSION

Owens Corning argues that consolidation of the Wright case and the Boehm case is proper because it would be prejudicial and duplicative to litigate these two cases separately. Owens Corning supports its motion with citations to this court's May 14, 2013 oral decision rejecting Wright's attempt to excise the California and Texas class members from Wright, and Judge Selna's June 24, 2013 opinion granting Owens Corning's motion to transfer the Boehm case to this court, as well as to the operative complaints in each action and relevant case law, all of which, it contends, demonstrate that these two cases should be consolidated because they involve the same counsel, the same parties or proposed classes, the same facts and the same legal grievances. (13-0936, ECF No. 43.) Equivalent arguments apply to joining the newly transferred Gonzales case. As Judge Kazen recognized, that case involves the same parties, legal claims, factual issues and evidence as Wright. (13-1378, ECF No. 42 at 7-9.)

In opposition, Boehm argues that his case, although factually similar to Wright's pending action, is ultimately different because he asserts "unique claims" under three California state statutes on behalf of a purported class of California residents. (13-0936, ECF No. 47 at 2.) In addition, Boehm argues that he would be prejudiced if forced to "rush his case along" the same schedule as the Wright case, in which discovery on the issue of class certification will be

5

completed in about a month. (Id. at 4.) At the September 23rd hearing, when counsel for Boehm/Gonzalez was given the opportunity to address the propriety of consolidating the newly-transferred Gonzalez case, as well as Boehm, he indicated that the prejudice caused by having to "rush" the transferred cases through discovery was the principal objection.

The court finds that Owens Corning satisfied its burden to establish that consolidation of Wright and Boehm and Gonzalez is appropriate. Three United States District Court Judges recognized that pursuit of Boehm and Gonzalez separate from Wright will result in duplicative efforts, wasted judicial and party resources, and the risk of inconsistent judgments. (13-0936, ECF No. 42-1 (Conti, J.); 13-1378, ECF No. 42 (Kazen, J.) and 13-0936, ECF No. 35 (Selna, J.).) All three cases are based on the same general grievance; i.e., that Owens Corning sold Oakridge roofing shingles knowing that they were defectively designed but claiming that they were of high quality, and failed to honor the various warranties held by the purchaser when the shingles failed, causing property damage. (13-1378, ECF No. 23 (Gonzalez Complaint); 09-1567, ECF No. 119 (Wright Complaint) and 13-0936, ECF No. 42-2 (Boehm Complaint).) While the Wright case seeks to certify a nationwide class whose property was damaged by Owens Corning's shingles, the Boehm case seeks to certify a class of California residents whose property was damaged by Owens Corning's shingles and the Gonzalez case seeks to certify a class of Texas residents whose property was damaged by Owens Corning's shingles. (Wright Complaint ¶¶ 55-56; Boehm Complaint ¶ 53; and Gonzalez Complaint ¶ 54.) Therefore the proposed classes in Boehm and Gonzalez are subsumed within the proposed class in Wright.

Based on these facts, this court finds that these three actions "involve a common question of law or fact" and that consolidation will streamline and economize pretrial proceedings, avoid duplication of effort, and prevent conflicting outcomes. In reaching this conclusion, the court weighed the benefits of judicial economy against the potential for new

delays, expense, confusion and prejudice, and considered each of counsel's arguments in opposition to consolidation. The fact that much of the expense and delay was self-inflicted upon Boehm and Gonzalez, whose counsel attempted to pursue duplicative actions in California and Texas while simultaneously asking this court to certify a nationwide class of Owens Corning customers, weighed significantly in the court's consideration of these factors.

As such, the court summarily dispenses with Boehm's argument that his case should not be consolidated with Wright because he seeks certification of a class of California owners, while Wright seeks certification of a nationwide class. This court already concluded that judicial economy was not served by excising the California and Texas class members from the Wright case, and that those owners would not be prejudiced by remaining members of the purported class in Wright. (13-0936, ECF No. 42-1 at 4-6.) In denying Wright's motion for leave to file a Fourth Amended Complaint, the court further indicated that any potential class member could pursue individual litigation in his home-state, or status as a representative of a state-specific sub-class, should this court ultimately refuse to certify a nationwide class. (Id. at 12-13.) These conclusions dispense with Boehm's contention that this court cannot consolidate the Wright case and the Boehm case because the latter is limited to California owners. Although counsel did not extend these arguments in opposition to consolidating Gonzalez with Wright, the identical analysis would apply to the Texas owners represented in that action.

The court now turns to Boehm's allegation that his case cannot be consolidated with Wright because his complaint asserts violations of three California statutes, while Wright's complaint does not. Boehm is correct that his complaint accuses Owens Corning of violating California's Unfair Competition Law, False Advertising Law and Consumer Legal Remedies Act and Wright's complaint does not. (13-0936, ECF No. 42-2 at 18-20.) However, Wright's complaint does accuse Owens Corning of violating Pennsylvania's Unfair Trade Practices and

7

Consumer Protection Law. (09-1567, ECF No. 119 at 21-23.) The allegations made by Wright and by Boehm as to how Owens Corning violated those state statutes are substantially similar. In short, both complaints accuse Owens Corning of violating state statutory law by making false or misleading statements to consumers regarding the quality and characteristics of its shingles, and failing to notify consumers of defects in the shingles. (13-0936, ECF No. 42-2 ¶¶ 67, 75, 80, 87-88; 09-1567, ECF No. 119 ¶¶ 72, 76-78.) While the exact statutory language being violated could lead to a different analysis at summary judgment, or could require separate jury instructions at trial, the court does not consider these possibilities to raise the specter of confusion or complication such that consolidation would be improper.

To this exact point, Boehm's own pleadings in the California district court acknowledge that California's consumer protection statutes are essentially interchangeable with other state's consumer protection statutes. Although Boehm's original California complaint alleged violations of three California statutes, because Boehm was seeking certification of a nationwide class at the time, after citing the allegedly violated California statute, he included the following language: "or substantially similar Consumer Fraud and Deceptive Trade Practices Acts of the homes states of Class members." (Boehm, et al. v. Owens Corning, et al., No. 13-355 (C.D. Cal.), ECF No. 1 ¶¶ 71, 79, 94.) This language demonstrates that Boehm recognized that each state's consumer fraud and deceptive trade practices statutes are substantively interchangeable. Due to an apparent drafting error, this language was not removed when Boehm filed his first amended complaint in California, even though, at that point, he was seeking to assert claims only on behalf of California residents. (13-0936, ECF No. 42-2 ¶¶ 70, 78, 93.) As such, Boehm's own pleadings in California undercut the argument he makes before this court that consolidation is improper because his California statutory claims are "unique."

8

Again, although counsel did not specifically extend these arguments in opposition to also consolidating <u>Gonzalez</u> with <u>Wright</u>, the identical analysis would apply. <u>Gonzalez</u> includes a count accusing Owens Corning of violating Texas' Deceptive Trade Practices Act. (13-1378, ECF No. 23 at 26-27.) That count is likewise based on Owens Corning's alleged misrepresentations regarding the quality of its Oakridge shingles, and thus, does not present any "unique" issues that would bar consolidation.

Finally, the court cannot conceive of how any differences in the precise language used in a particular state's consumer protection statutes would lead to different discovery on the issues of class certification or liability. For its part, Boehm failed to identify any factual issue that is unique to his California claims or to explain how his California claims will involve discovery that is not contemplated by the complaint in <u>Wright</u>. Counsel was unable to make a comparable showing on behalf of Gonzalez regarding his claims under Texas law during the September 23rd hearing. Because the claims in <u>Gonzalez</u> and <u>Boehm</u> and <u>Wright</u> are all based upon the same facts and legal theories it is unlikely that litigation of the claims made in <u>Boehm</u> or <u>Gonzalez</u> will require any "unique" discovery. This conclusion is particularly true because Boehm, and the California owners that he seeks to represent, and Gonzalez and the Texas owners that he seeks to represent are, and always have been, members of the class being proposed in <u>Wright</u>. As such, the class representatives in the <u>Wright</u> case are litigating on Boehm's and Gonzalez's behalf, including pursuing discovery on all relevant matters.

Nevertheless, in order to avoid any possible prejudice, the court provided counsel for Boehm/Gonzalez with an chance to identify any discovery issues that are "unique" to the <u>Boehm</u> or <u>Gonzalez</u> actions, and, after meeting and conferring with counsel for Owens Corning, petition the court for an appropriate extension of the class certification discovery period, which is currently set to expire on October 31, 2013. If specialized discovery proves to be required, the

9

court expects that it will be limited in scope and duration. Thus, even if an extension of the discovery period becomes necessary, the resulting delay in the proceedings would be justified to serve the greater interest in avoiding duplicative effort and conflicting outcomes. The foregoing procedure dispenses entirely with Boehm's and Gonzalez's argument that they, and the state-specific classes they seek to represent, would be prejudiced if forced to adhere to the schedule currently in place in Wright.

IV. CONCLUSION

For all of the foregoing reasons, Boehm, et al. v. Owens Corning, et al., No. 13-0936, and Wright, et al. v. Owens Corning, et al., No. 09-1567 will be consolidated with Gonzalez, et al. v. Owens Corning, et al., No. 13-1378. An appropriate order will be docketed.

Dated:  September 27, 2013              /s/ Joy Flowers Conti
                                        Joy Flowers Conti
                                        Chief United States District Judge